PER CURIAM.
This is an appeal from orders of the circuit court enforcing a garnishment and condemning the garnished funds.
Dennis Hutchinson pleaded guilty to the unlawful distribution of controlled substances as charged and on March 3, 1989, was sentenced by the trial court to thirteen years in the state penitentiary. A process of garnishment was filed by the State of Alabama and was issued and served upon Hutchinson. On September 20, 1990, after an ore tenus proceeding the trial court, based upon a garnishment issued by the State against the City of Talladega (garnishee) and Hutchinson, granted the State’s motion to condemn the sum of $859 and ordered the same to be applied against a fine and court costs assessed against Hutchinson in the criminal action.
Hutchinson, pro se, appeals and we affirm.
The dispositive issue is whether the trial court erred in condemning certain funds and enforcing garnishment for application against a fine and court costs assessed against Hutchinson.
“The factual findings of the court have the effect of a jury’s verdict — the resulting judgment grounded upon such findings are accorded, on appeal, a presumption of correctness which will not be disturbed unless plainly erroneous or manifestly unjust.”
Mayo v. Andress, 373 So.2d 620, 625 (Ala.1979).
The trial court heard the testimony of Hutchinson, representing himself, asked him questions, and observed his demeanor. His testimony essentially concerned the ownership of the $859, and he gave conflicting testimony as to its ownership, first *870 saying it was his and later saying that it belonged to another party.
We observe that the record contains no evidence of a claim of another party to the $859, nor does it contain any legal evidence to substantiate Hutchinson’s claims that the money was illegally taken from him. Therefore, this court must confine its review to the judgment of the trial court and to the legal evidence contained in the record.
Having reviewed the record with the attendant presumptions of correctness, we find the trial court’s judgment was not plainly erroneous or manifestly unjust.
We further find that, in view of the untimely filing of the brief of Hutchinson, which caused the State to prepare further pleadings and an additional brief, the sanction of requiring Hutchinson to seek permission as a condition to filing a rehearing is appropriate. See Rule 40, Alabama Rules of Appellate Procedure.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.